**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., a Delaware Corporation, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action No. _4:24-cv-00134_ |
| ADVANCED AIR, LLC, a California Limited Liability Corporation, | ) ) ) | <u>JURY DEMANDED</u> |
| *Defendant.* | ) ) ) ) | |
| _____ | ) | |

**<u>COMPLAINT</u>**

Plaintiff American Airlines, Inc. ("American") through its attorneys, brings this action to enjoin infringement by Defendant Advanced Air, LLC ("Advanced Air") of American's "AA" trademarks. American seeks injunctive relief and all other remedies available under the laws of the United States and the State of Texas. Based upon its own knowledge as to its actions and upon information and belief as to all other persons and events, American respectfully alleges as follows:

**NATURE OF ACTION**

1.      This is an action for trademark infringement and unfair competition pursuant to the Lanham Act.

2.      American has been using a series of federally registered "AA" trademarks as source indicators for travel services for nearly a century—specifically dating back to the 1930s (the "AA Marks").

3.      American is not attempting to prevent Advanced Air from operating as a carrier by this action; rather, American has filed suit to stop Advanced Air from unfairly benefiting from the over 90 years of goodwill in American's famous AA Marks in promoting Advanced Air's services. Advanced Air is well aware of American's AA Marks. Yet, despite knowing that American owns the exclusive right to use the AA Marks, Advanced Air is using the term "AA" to promote its own travel services, including booking and providing air travel services. Advanced Air's use of this term is confusingly similar to American's well-established and famous AA Marks.

4.      This confusion is only amplified because Advanced Air is using the term "AA" to promote the very same services with which American has used the AA Marks for decades. This is no coincidence. Upon information and belief, Advanced Air is using "AA" to intentionally generate confusion in the marketplace, to mislead the public into believing that Advanced Air's services are associated with or approved by American, and to free-ride on American's long-established goodwill. Advanced Air's use of this confusing mark is causing irreparable harm to the well-established goodwill and reputation of American and its trademarks.

5.      As a result, American has been forced to protect its interests and investment in its valuable AA Marks by seeking relief in this Court.

**THE PARTIES**

6.      American is a Delaware corporation with a principal place of business at 1 Skyview Drive, Fort Worth, Texas 76155.

7.      Upon information and belief, Advanced Air is an American scheduled commuter and private charter airline with a principal place of business at 12101 Crenshaw Blvd., Suite 100, Hawthorne, California 90250.  Advanced Air may be served with process through service on its

Texas-based registered agent, Cogency Global Inc., at the following address: 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

9.      The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity (i.e., the parties are citizens and residents of different states) and the amount in controversy exceeds $75,000, exclusive of costs and interest.

10.      This Court has personal jurisdiction over Advanced Air because American's claims for trademark infringement and unfair competition arise from acts conducted and harm sustained in the State of Texas.  In particular, this Court may exercise personal jurisdiction over Advanced Air if (1) the long-arm statute of Texas creates personal jurisdiction over Advanced Air; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.  Because Texas's long-arm statute reaches to the constitutional limits, the question to be resolved is whether exercising personal jurisdiction over Advanced Air offends due process.  It does not.

11.       Advanced Air has purposefully directed its activities at Texas residents, and this litigation results from injuries that arise out of or relate to those activities.  Advanced Air, for example, directly targets consumers in the United States, including in Texas, through its website <advancedairlines.com>, where consumers, including Texas residents, can and do purchase airline tickets and book airline reservations.  Advanced Air's website is fully interactive in that it allows Texas residents to conduct business with it. Indeed, Advanced Air's sales to Texas are such that it

has purposefully established a right to conduct business in the State of Texas through obtaining a Texas Tax number.  It has also designated a registered agent in the State of Texas located in this Judicial District.

12.     Given Advanced Air's substantial contacts with the State of Texas, asserting jurisdiction would not offend traditional notions of fair play and substantial justice.

13.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District, including but not limited to sales of airline tickets to Texas citizens, and because Advanced Air is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

## AMERICAN'S AA MARKS AND BRAND

14.     During its more than 90-year history, American has developed global name-recognition and goodwill and has become a household name.  For decades, it has continuously used its brands AMERICAN, AMERICAN AIRLINES, and AA (an abbreviation of AMERICAN AIRLINES) both alone and in connection with other words and designs. American's brands, trade names, and other intellectual property are the result of significant investment and are worth billions of dollars.

15.     Since its founding, American has been known as and intentionally branded itself as "AA" and has used the AA Marks, both alone and in combination with other words and designs, in connection with travel and transportation services, booking services, travel agency services, travel reservation services, and numerous other travel-related goods and services. Notably, American's International Air Transport Association ("IATA") designation code is "AA" and all of American's flight numbers contain the prefix "AA."

4

16.     American has also continuously used the AA Marks for decades on its airplane liveries, employee uniforms, in-flight amenities and throughout airports, as shown below:







































15







17.    American presently uses the AA Marks on several active aircraft, including the following:







18.     American owns and operates the domain name <**AA**.com> for its primary website ("American's Website"), which not only features general information about American and traveling, but also allows customers to book travel reservations around the world, view, change and cancel travel reservations, check in for flights, and view flight status. American also uses the <**AA**.com> domain name for all of its official email accounts.

19

**AA**.com



American owns numerous other domains that purposefully feature the AA Marks, including <**AA**vacations.com>, which allows American's customers to book vacation packages of multiple types of reservations, including flights, hotels, and/or car rentals; <book**AA**cruises.com> for booking cruises; <book**AA**hotels.com> for booking hotels; and <**AA**brandstore.com>, where American sells AA-branded merchandise:

**AA**vacations.com



book**AA**cruises.com



book**AA**hotels.com



**AA**brandstore.com



19.     Over the years, American's use of the AA Marks has been reflected in many of American's brands, including American's well-known **AA**dvantage® program; **AA**nytime®; **AA**irpass®; m**AA**gic Flight®; and Something m**AA**gic.

20.     American owns multiple trademark registrations in the United States for the AA Marks with the United States Patent and Trademark Office ("USPTO"), many of which have achieved incontestable status, including but not limited to:

| TRADEMARK | REGISTRATION NO. | REGISTRATION DATE |
|---|---|---|
| AA | 514292 | Aug. 23, 1949 |
| AA | 2356861 | Jun. 13, 2000 |
| AA.COM | 2339639 | Apr. 11, 2000 |
| A A | 4004914 | Aug. 02, 2011 |
| A A.com | 2985493 | Aug. 16, 2005 |
| A A | 2328546 | Mar. 14, 2000 |
| A A | 2313875 | Feb. 01, 2000 |
| A A | 2311305 | Jan. 25, 2000 |
| A A | 1889949 | Apr. 18, 1995 |
| A A | 1794340 | Sep. 21, 1993 |
| A A | 1734045 | Nov. 17, 1992 |
| A A | 514293 | Aug. 23, 1949 |

21.     In addition to its registered rights, American has extremely strong common-law rights in the AA Marks through their extensive use and promotion in commerce.

22.     The AA Marks serve as unique and famous source identifiers for American's travel services and loyalty programs.

23.     American has invested millions annually in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the AA Marks.  American advertises through a variety of media, including television, radio, newspapers, magazines, and direct mail, across the country. American also promotes its products and services on the internet, via its own websites, and through advertising on the websites of third parties.

24.     The AA Marks are distinctive designations of the source of origin of American's services.

25.     The AA Marks are uniquely associated with American and its high-quality goods and services.  The AA Marks are assets of incalculable value as symbols of American, its quality goods and services, and its goodwill.

26.     The AA Marks are well-known within the travel industry.

**ADVANCED AIR, LLC**

27.     Advanced Air is aware of American's AA Marks and the investment American has made in them.

28.     Upon information and belief, Advanced Air's primary website is located at <advancedairlines.com>, which, upon further information and belief, Advanced Air owns and which was registered on January 10, 2018.  It is fully interactive and allows consumers to book travel:



29.     Advanced Air markets its travel services by emphasizing the "AA" element:





30.     Advanced Air offers regional commercial routes to various destinations in the United States—all of which overlap with destinations that American serves. Indeed, American operates hubs out of Los Angeles International Airport and Phoenix Sky Harbor International Airport—both of which overlap with areas served by Advanced Air.

31.     Advanced Air's Facebook page, entitled "Advanced Air" prominently features the above stylized "AA" logo, and prominently directs users to the domain <advancedairlines.com>:



32.    Advanced Air's branding of itself and its travel services with "AA" and its promoting of the same on its website, on social media sites like Facebook and other channels, is likely to cause confusion with the relevant traveling public and has likely already caused such confusion, thereby eroding the brand, goodwill, and value that American has built over the years through the AA Marks.

33.    Like American, Advanced Air also paints its aircraft tails with AA branding:







**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §1114(1))**

34.     American repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

35.     American's federally registered AA Marks are inherently distinctive and continue to acquire distinctiveness and goodwill in the marketplace through American's use of those marks in commerce.  As a result of its widespread and continuous use, the AA Marks have become associated in the minds of consumers, business travelers, and first-class travelers with American. The reputation and goodwill that it has built up in its AA Marks are of great value to American.

36.     Advanced Air is using the term "AA" on its website, aircraft, and elsewhere as a mark of its own in a manner that is likely to cause confusion with, or to cause a mistake, or to

deceive consumers as to the origin, sponsorship, or approval of Advanced Air's services and related commercial activities, in violation of the Lanham Act, 15 U.S.C. §1114(1), Sec. 32(1).

37.     Advanced Air's acts have caused and, unless and until such acts are enjoined by this Court pursuant to 15 U.S.C. §1116, will continue to cause, great harm and irreparable injury to American.  Advanced Air's acts damage American by making sales by trading off American's goodwill in the AA Marks, as well as by undermining consumers' association of Advanced Air with American.  Upon information and belief, Advanced Air is well aware of American's AA Marks, and its acts are knowing and willful.

38.     American has no adequate remedy at law.

39.     By its actions, Advanced Air has violated the Lanham Act, 15 U.S.C. §1114(1), Sec. 32(1).

40.     American seeks monetary relief in an amount to be fixed by the Court in its discretion as just, including:  (i) all profits received by Advanced Air from sales and revenues of any kind made as a result of its trademark infringement; (ii) all damages sustained by American as a result of Advanced Air's acts of infringement, including but not limited to ascertainable damages, costs, and attorney fees, and enhanced damage for willful infringement; and (iii) statutory damages, as provided in 15 U.S.C. § 1117(d).  American further seeks pre and post-judgment interest at the highest lawful rate, along with all taxable court costs.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

41.     American has federal trademark rights in AA in connection with travel services, as a result of its decades-long use of the AA Marks in connection with such services.  Over the

decades, these services have included premium ticketing arrangement and booking services. American has used AA in commerce in the United States and Worldwide since the 1930s.

42.     Advanced Air is using the term "AA" on its website and elsewhere in connection with its travel agency and other travel-related services.

43.     Advanced Air's actions constitute use of a false designation of origin or false representation which wrongfully and falsely designates the origin of Advanced Air's services and related commercial activities as originating from or being approved by American.  As such, these actions constitute a false description or representation used in interstate commerce in violation of the Lanham Act, 15 U.S.C. §1125(a), Sec. 43(a).

44.     Advanced Air's actions have caused and, unless enjoined by the Court pursuant to 15 U.S.C. §1116, will continue to cause, great and irreparable injury to American.  Advanced Air's acts damage American by undermining consumers' association of AA with American.  Upon information and belief, Advanced Air is well aware of American's AA® brands, and its acts are knowing and willful.

45.     American has no adequate remedy at law.

46.     By virtue of its acts, Advanced Air has violated Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

47.     American seeks monetary relief in an amount to be fixed by the Court in its discretion as just, including:  (i) all profits received by Advanced Air from sales and revenues of any kind made as a result of its unfair competition; (ii) all damages sustained by American as a result of Advanced Air's acts of unfair competition, including but not limited to ascertainable damages, costs, and attorney fees, and enhanced damage for willful unfair competition; and (iii)

statutory damages, as provided in 15 U.S.C. § 1117(d).  American further seeks pre and post-judgment interest at the highest lawful rate, along with all taxable court costs.


## PRAYER FOR RELIEF

For these reasons, American prays for the following relief:

A.     A finding that Advanced Air unlawfully, willfully, and without authorization infringed upon American's AA Marks and engaged in unfair competition, in violation of the Lanham Act, 15 U.S.C. §1125, et seq.

B.     An order that Advanced Air, its officers, agents, servants, employees, and attorneys, and all persons acting for, by, through, or under it be permanently enjoined from:

1.     Using the terms "AA" (or any similar or derivative term) in association with travel services, including travel agency, reservation, booking, and management services;

2.     Using the term "AA" (or any similar or derivative terms) in any other manner which creates confusion with American's AA Marks;

3.     Using the term "AA" (or any similar or derivative terms) in association with social media accounts;

4.     Using the term "AA" (or any similar or derivative term) which in any way constitutes unfair competition with American; and

5.     Registering or applying to register any trademark, service mark, domain name, or other source identifier or symbol of origin consisting of or incorporating the term "AA" (or any similar or derivative term), or any other term that infringes or is likely to be confused with the AA Marks.

C.     An award of monetary relief to American in an amount to be fixed by the Court in its discretion as just, including:

       1.     All profits received by Advanced Air from sales and revenues of any kind made as a result of its trademark infringement and unfair competition;

       2.     All damages sustained by American as a result of Advanced Air's acts of infringement and unfair competition, including but not limited to ascertainable damages, costs, and attorney fees, and enhanced damages for willful infringement; and

       3.     Statutory damages, as provided in 15 U.S.C. § 1117(d).

D.     Pre- and post-judgment interest at the highest lawful rate.

E.     All taxable court costs.

F.     An award to American of all other relief as this Court considers just and proper.

## JURY DEMAND

American requests a trial by jury as to all issues triable to a jury.

Respectfully submitted,

*/s/ Michael D. Anderson*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9280

Eric J. Maiers
(*pro hac vice application forthcoming*)
Eric.Maiers@gtlaw.com
GREENBERG TRAURIG, LLP
77 W. Wacker Dr., Suite 3100
Chicago, Illinois 60601
Telephone:  (312) 456-8400

**ATTORNEYS FOR PLAINTIFF
AMERICAN AIRLINES, INC.**